NOTICE
Decision filed 07/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260216-U

NO. 5-26-0216

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| J.D. HARRIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 25-MR-245 |
| | ) | |
| CITY OF MADISON BOARD of FIRE and POLICE COMMISSIONERS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JEFFREY S. BRIDICK, Madison City Police Chief, | ) | Honorable |
| | ) | Ronald J. Foster Jr., |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Boie and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The trial court's denial of the plaintiff's request for a preliminary injunction was error where the board of fire and police commissioner failed to hold a hearing on charges filed against the plaintiff within 30 days as required by statute, and thereby lost jurisdiction to conduct a hearing on identical charges that were refiled.

¶ 2                                    I. BACKGROUND

¶ 3    The Plaintiff, J.D. Harris (Harris) is a police officer employed by the City of Madison Police Department. The defendants are the City of Madison Board of Fire and Police

1

Commissioners (Board) and Jeffrey S. Bridick, the Chief of the Madison Police Department (Bridick).

¶ 4 On May 27, 2025, Bridick mailed written disciplinary charges to the Board seeking Harris's removal from the police department for cause. The mailing was postmarked May 29, 2025, and the parties do not dispute that the charges were filed, at the latest, on that date. The charges alleged that Harris fraudulently documented time spent patrolling an area known as Chouteau Island.

¶ 5 On July 3, 2025, the Board convened a proceeding concerning the disciplinary charges against Harris. During that proceeding, the hearing officer addressed procedural and jurisdictional matters. No witnesses testified, no evidence was presented concerning the merits of the charges, and the Board continued the matter on its own motion.

¶ 6 On July 23, 2025, Harris filed a complaint seeking declaratory and injunctive relief, alleging that the Board had failed to commence a hearing within the time required by section 10-2.1-17 of the Illinois Municipal Code (Code) (65 ILCS 5/10-2.1-17 (West 2024)) and therefore lacked jurisdiction to proceed on the pending disciplinary charges. Bridick filed a motion to dismiss Harris's complaint on August 28, 2025, which the Board joined on September 3, 2025.

¶ 7 On October 9, 2025, the circuit court entered an order denying Bridick's motion to dismiss Harris's complaint, stating, *inter alia:*

> "The proceeding on July 3, 2025, did not constitute a substantive hearing on the charges. The hearing addressed only procedural matters and did not engage with the merits of the case, failing to meet statutory can case law requirements as outlined in *Riggins v. Board of Fire and Police Commissioners of the City of Peoria* and *Board of Fire and Police*

*Commissioners of the City of Zion.* \*\*\* [N]o discussion of the merits occurred, and the Board's hearing officer explicitly limited the scope to jurisdictional issues.

The delay in commencing a substantive hearing was not attributable to the Plaintiff. There is no evidence of Plaintiff's agreement to or causation of any continuance. The Defendants have not produced any documentation showing that Plaintiff agreed to delay the hearing beyond the statutory period. The Board continued the hearing on its own motion, and there is no indication that Plaintiff's actions contributed to the delay."

¶ 8    On November 6, 2025, Bridick filed a second statement of disciplinary charges against Harris. The second statement of disciplinary charges was identical to the charges filed against Harris in May 2025. The Board accepted the filing under its original Board Case No. 2025-1.

¶ 9    On November 7, 2025, Harris filed a motion for a preliminary injunction seeking to prohibit the Board from conducting a hearing on the November 2025 charges. Harris argued that because the Board had already lost jurisdiction over the original charges, the filing of a second statement of identical charges did not revest the Board with jurisdiction to proceed on the identical charges. On November 20, 2025, Bridick filed a response to Harris's motion. Bridick responded that the November filing constituted a new disciplinary action subject to its own statutory timetable. On February 6, 2026, the circuit court held a hearing on Harris's motion for preliminary injunction, after which the matter was taken under advisement.

¶ 10    On March 9, 2026, the trial court entered a written order which reaffirmed its earlier determination that the Board had failed to timely commence a hearing on the May 2025 charges. However, the court concluded that the November 2025 filing initiated a new disciplinary action with an independent 30-day period for commencing a hearing. In reaching that conclusion, the court relied principally on *Cesario v. Board of Fire, Police, and Public Safety Commissioners of*

3

*the Town of Cicero*, 368 Ill. App. 3d 70 (2006). Harris filed a timely notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 11                                                    II. ANALYSIS

¶ 12    Although this appeal arises from the denial of a motion for preliminary injunction, the material facts are not disputed. Rather, the parties disagree about the legal effect of those facts. Accordingly, our review is *de novo*. See *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School District No. 4*, 396 Ill. App. 3d 1105, 1112 (2009).

¶ 13    Section 10-2.1-17 of the Illinois Municipal Code provides that no police officer may be discharged except for cause, upon written charges, and after an opportunity to be heard. 65 ILCS 5/10-2.1-17 (West 2024). The statute further requires that the board "shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time." *Id.* Illinois courts have consistently recognized that the Board's authority is wholly statutory and that its failure to comply with the statute's jurisdictional requirements deprives it of authority to proceed. *Sherman v. Board of Fire and Police Commissioners of the City of Highland*, 111 Ill. App. 3d 1001, 1007 (1982); *Riggins v. Board of Fire and Police Commissioners of the City of Peoria*, 107 Ill. App. 3d 126, 130 (1982).

¶ 14    The parties devote much of their briefing to whether *Sherman* or *Cesario* governs this appeal. We do not disagree with the reasoning of *Cesario*. Rather, we conclude that *Cesario* addressed a materially different procedural posture than the one presented here.

¶ 15    In *Sherman*, this court held that a board of fire and police commissioners loses jurisdiction when it fails to commence the statutorily required hearing within 30 days after charges are filed, absent delay attributable to the officer. *Sherman*, 111 Ill. App. 3d at 1007. There, the complainants argued that amended charges restarted the statutory period. We rejected that contention and

4

measured the Board's jurisdiction from the date of the filing of the original charges. *Id.* at 1006-08. Moreover, we recognized that injunctive relief is appropriate to prevent a board from proceeding after it has lost jurisdiction because, under those circumstances, the board "would be acting without jurisdiction." *Id.* at 1007.

¶ 16    *Cesario* presented a different procedural posture. There, the municipality voluntarily dismissed the original disciplinary charges and later refiled them. *Cesario*, 368 Ill. App. 3d at 72-74. The First District concluded that the refiled charges commenced a new proceeding and therefore carried their own independent jurisdictional timetable. *Id.* at 74-76. In reaching that conclusion, the court expressly stated that proceedings occurring before the voluntary dismissal "have no bearing on the jurisdictional requirements for proceedings on the refiled charges." *Id.* at 76.

¶ 17    This appeal presents a different question. Unlike *Cesario*, the original disciplinary charges against Harris were never voluntarily dismissed. Nothing in the record establishes that the Board terminated the original proceeding, that Harris agreed to dismiss the original charges, or that he otherwise waived the statutory requirement that a hearing commence within 30 days. Instead, after the circuit court determined that the July 3 proceeding did not constitute a hearing under section 10-2.1-17 of the Code and that the delay was not attributable to Harris, Bridick filed a second statement of charges which were identical to the original matter remained pending.

¶ 18    The dispositive issue before us is whether the filing of identical disciplinary charges restarted the statutory 30-day period where the original charges remained pending and had never been dismissed. We conclude that it did not.

¶ 19    The defendants argue that the November 2025 charges initiated an entirely new disciplinary action with independent jurisdictional requirements. That argument necessarily

5

assumes the filing of the second charges created a new proceeding. The record, however, demonstrates that the Board continued treating the matter as Board Case No. 2025-1 and that the November filing alleged the same misconduct as the May charges. More importantly, the original charges had never been dismissed. Under these circumstances, the Board's jurisdiction remained tied to the filing of the original charges, not the filing date of the duplicative charging document.

¶ 20     We therefore conclude that the trial court erred in relying upon *Cesario* to deny Harris's request for injunctive relief. *Cesario* did not address whether duplicative charges restore jurisdiction where the original charges remain pending. Instead, it considered the effect of a voluntary dismissal followed by the commencement of a new proceeding. Accordingly, *Cesario* does not alter the result compelled by *Sherman*. Once the Board failed to timely commence a hearing on the original charges, and the delay was not attributable to Harris, the Board lacked authority to proceed on those charges. The subsequent filing of identical charges did not restore that lost jurisdiction.

¶ 21                                    III. CONCLUSION

¶ 22     Accordingly, we reverse the circuit court's order denying Harris's motion for a preliminary injunction.

¶ 23     Reversed.